## PIPER v. KINGSBURY.

### *Practice. Accord. Damages.*

If there is evidence in the case tending to establish a point in issue, it is not error for the court to submit such point to the finding of the jury.

If one agree to pay and another to take a certain sum within a certain time in settlement of a disputed claim, and payment be not made within the time, suit may be brought upon the original demand.

In assessing damages in an action for the breach of a promise of marriage, it would not be a legitimate subject for the jury, to consider the consequences to plaintiff had she married defendant and thereby formed an unhappy alliance, rendered such by the want of that love and affection that a husband should bear his wife.

ASSUMPSIT upon a promise to marry. Plea, the general issue, and trial by jury, September Term, 1875, Ross, J., presiding.

Plaintiff's evidence tended to show repeated attentions and visits, extending over a period of nearly four years, considerable correspondence, and at least two distinct promises of marriage, and a breach of those promises by defendant. Defendant admitted the attentions and correspondence, and that they were with the view of marriage if both liked; but he denied any express promise to marry, and claimed, in substance, that he ceased his attentions, visits, and correspondence, because they disagreed, especially about religion and politics, and because he did not like her well enough to marry. Plaintiff's evidence tended to show that defendant broke his engagement without any reasonable cause, and that no disagreement ever existed about religion, politics, or other matters. Also, that on the first day of April, 1873, defendant visited her at her father's house in Chester, where they had an interview of some length; that defendant then made known his purpose not to marry, and asked for an exchange of letters, saying that he had brought his letters from her for that purpose; plaintiff at first declined to make the exchange until she had been paid for the disappointment and disgrace she had suffered; that defendant asked her how much she wanted, and she told him, to have no further trouble, she would take $300; that he promised to pay it within a year, but never paid anything, and got her to burn letters on that promise; that she did not release him from his promise to marry, and waited till the year was out before she brought this suit; that she asked him for his note, and, upon his pledging his word and honor that he would pay her, she took his promise, went to another room, got her letters from defendant, and then and there exchanged them.

Defendant's counsel requested the court to charge as follows:

1. If the jury find, as plaintiff claims and testifies, that she offered to take $300 in full settlement of her claim, and the defendant thereupon agreed to pay that sum, and a settlement was consummated upon that basis, this sum is, upon her own showing, the measure of her right of recovery.

2. That as plaintiff has not declared upon the promise to pay said sum of $300 to settle said claim, she cannot recover in this

61

suit if the jury find such promise was made by defendant and accepted by plaintiff in settlement of said claim for non-fulfillment of the promise so to marry the plaintiff, and such settlement was consummated, as plaintiff's evidence tends to show.

Defendant's counsel claimed and argued to the jury, that they might and should consider, in determining the question of damages, the consequences to plaintiff had she married defendant, in view of the evidence as to his state of feeling towards her, claiming that her loss was less than if she had entered into an unhappy marriage, without the love and affection for her which a husband ought to have.

The court declined to charge as requested, but directed the jury to find specially in regard to the subject of the requests. The defendant did not except to the instructions to the jury on the special matters submitted, except to the submission of the last special finding, and to that, on the ground that there was no evidence in the case tending to establish such a fact as was indicated in that submission. The jury found specially, that "defendant did promise and agree to marry plaintiff, and that he has broken that promise and agreement; that plaintiff had sustained, by the breach of said agreement, damages to the amount of $908; that plaintiff did agree to take, and the defendant did agree to pay her, three hundred dollars damages for the breach of said agreement by defendant; and that plaintiff did agree to take said sum only upon condition that the defendant should pay the same without suit or further trouble."

On the subject of damages, the court charged that if the jury found that defendant promised to marry plaintiff, he impliedly promised to bring to the performance of that promise the affection, care, and consideration for the plaintiff of a husband; that she had a right to expect such affection, care, and consideration from him in fulfilling his promise to marry her; that some men had a greater wealth of these qualities to bestow than others, and for this reason no fixed valuation could be found for the loss sustained by the promisee, applicable to all cases, but that each case depended upon its own circumstances and facts in this particular; that for the breach of his promise, the plaintiff was entitled to

recover, in these respects, such a sum as, in their discretion, under the facts and circumstances of the case, they should find would be a fair compensation for the loss which she had sustained, considering what her situation would have been if the defendant had performed his promise, and brought to its performance in good faith the affection, care, and consideration of a husband. This proposition was fully explained to the jury, and the other elements of damage were submitted with instructions not excepted to. The defendant excepted to the foregoing instruction, because it excluded from the consideration of the jury an unhappy marriage, or marriage where no love is.

*Davenport & Eddy,* for defendant.

The jury have found the fact that plaintiff agreed to take and defendant to pay $300 damages for the breach of promise by defendant to marry plaintiff.

There was existing between these parties a matter of honest dispute, and here was a settlement thereof, and a new liability created on the part of defendant, in extinguishment of the old liability. The liquidation of a disputed claim is a sufficient consideration to support a new promise. *Holcomb* v. *Stimpson,* 8 Vt. 141. A mutual compromise is sustained by the law. 1 Parsons Cont. 363 ; *Babcock* v. *Hawkins,* 23 Vt. 561 ; Chit. Cont. 44, n. 2, 46, and cases there cited, and n. 1 ; *Okeson* v. *Barclay,* 2 Penn. 531 ; *Van Dyke* v. *Davis,* 2 Mich. 145 ; *Hoge* v. *Hoge,* 1 Watts, 216. So an accord with mutual promises to perform, is good, though the thing be not performed at the time action is brought ; for the party has a remedy to compel the performance. 1 Comyn Dig. 99 ; *Babcock* v. *Hawkins, supra ;* Raym. 450 ; *Coyt* v. *Houston,* 3 Johns. Cas. 249 ; *Cartwright* v. *Cook,* 3 B. & Ad. 701 ; *Good* v. *Cheesman,* 2 B. & Ad. 328. The authorities are agreed that an arbitrament may be pleaded without a performance, for the reason that the parties have mutual remedies. 2 Greenl. Ev. 31, n. 6 ; *Allen* v. *Harris,* 1 Ld. Raym. 122.

The court erred in submitting the question to the jury as to whether plaintiff agreed to take the $300 upon condition that defendant should pay the same without suit or further trouble,

because there was no evidence to show whether or not such a condition was made.

The court excluded from the consideration of the jury the consequences to plaintiff of a marriage to a man who could not bring to her the love and affection which a husband ought to have. This was error. Sedgw. Dam. 210, 421 ; 1 Parsons Cont. 550, note ; *Atchinson* v. *Baker*, Peake, 103 ; *Irving* v. *Greenwood*, 1 C. & P. 350.

*E. W. Stoddard* and *C. B. Eddy*, for plaintiff.

The court did not err in submitting to the jury the last special finding. There was evidence in the case tending to show that plaintiff never released defendant from his promise of marriage, and that the agreement in regard to the payment of $300 was not made and accepted in satisfaction of the original contract. If a party has any evidence tending to prove an issue, he is entitled to go to the jury upon it. *Wemet* v. *Missisquoi Lime Co.* 46 Vt. 458. Defendant's first request justified the court in submitting the last special finding to the jury.

Plaintiff is entitled to a judgment upon the verdict if the last special finding be rejected. When the jury find the issue and something more, the latter may be rejected as surplusage. *Odlin* v. *Gove*, 41 N. H. 478 ; *Bacon* v. *Callendar*, 6 Mass. 303. A new agreement, not made and accepted in satisfaction of a former contract, is not a discharge. *Jaffrey* v. *Cornish*, 10 N. H. 505 ; *Woodward* v. *Miles*, 4 Foster, 289 ; *Bell* v. *Porter*, 9 Conn. 23 ; *Babcock* v. *Hawkins*, 23 Vt. 561.

The charge of the court is a sufficient answer to the claim that the jury should take into consideration an unhappy marriage in determining the question of damages. If this claim be law, then every defendant in cases of this character could always make a good defence. We have been unable to find authorities which hold that a party can plead his own violation of a contract in mitigation of damages, because his feelings or his will prompted such violation.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is an action to recover damages for an alleged breach of a contract of marriage. The only questions arise upon the charge of the court. The counsel preferred two requests to the court to charge, based upon the plaintiff's testimony tending to show a settlement of the matters in controversy between the parties prior to the commencement of the suit. The court directed the jury to find specially in regard to the subject of those requests, and the matter was submitted to the jury under a charge that was not excepted to except in one particular, which is embraced in the last clause of the verdict of the jury, so that no other question can be made, based upon such requests, except such as grows out of said last clause; and the objection there is, that there was no evidence in the case that warranted the court in submitting the question to the jury that is answered by them in that clause. The jury had found specially that the plaintiff agreed to take and the defendant agreed to pay her three hundred dollars damages for the breach of said agreement by the defendant. They then find that the plaintiff agreed to take that sum only upon condition that the defendant should pay the same without suit or further trouble. The defendant did not set up this agreement of settlement by way of defence, but denied its existence, and testified in the case that no such agreement was ever entered into. The plaintiff testified that she told him that, to have no further trouble, she would take $300; that defendant agreed to pay it in one year, but never paid anything; that she did not release him from his promise, but waited the year before commencing suit. We think upon the evidence the court was fully justified in submitting the question to the jury, whether the plaintiff agreed to take the $300 only on condition that the defendant would pay the same without giving her further trouble either by suit or otherwise; and the defendant, by denying the agreement, refusing to pay the money, and compelling her to bring suit, clearly violated the condition, and absolved the plaintiff from all obligation by reason of the agreement. We think there was no error in this branch of the case.

It appears from the case, that " the counsel for the defendant

claimed and argued to the jury, that they might and should consider in determining the question of damages, the consequences to plaintiff had she married the defendant, in view of the evidence as to his state of feeling towards her," claiming that " her loss was less than if she had entered into an unhappy marriage," &c. The court was not requested to charge on this subject, and it does not appear that the court alluded to it one way or the other, but left the argument of counsel to have its full weight with the jury; and the objection now seems to be, that the court did not commend the argument to the favorable consideration of the jury; but if the court had been asked to indorse this argument, we think it would have been warranted in declining. It would virtually have been saying that the plaintiff ought not to recover the damage actually sustained, because the defendant might have inflicted a greater. In other words, it would be offsetting the injury that he might have done, against that already inflicted.

Judgment affirmed.